IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CITIGROUP GLOBAL MARKETS, INC., | ) ) ) | |
| Plaintiff, | ) ) | 8:06CV670 |
| v. | ) ) | |
| ALAN JOHNSON, | ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) ) | |

This matter is before the Court on plaintiff's motion for a temporary restraining order (Filing No. 4). Hearing was held on October 25, 2006, during which evidence was adduced on behalf of both parties. After considering the evidence, the arguments of counsel, and the parties' briefs, the Court finds that plaintiff's motion should be denied.

### I. BACKGROUND

Defendant Alan Johnson ("Johnson") is a former financial advisor for the defendant Citigroup Global Markets, Inc., formerly known as Salomon Smith Barney ("Smith Barney"). Johnson resigned on October 13, 2006, and went to work for the firm of Johnson Roehrs & Higgins ("Johnson Roehrs") (Complaint, ¶ 1). Both parties are members of the National Association of Securities Dealers ("NASD") (Complaint, ¶ 2). Both parties are subject to mandatory arbitration of this dispute before industry panelists pursuant to Rule 10335 of the NASD's Code of Arbitration Procedure (Complaint, ¶ 2). Smith Barney seeks

injunctive relief only until such time as the mandatory arbitration is held and a ruling on the merits is made by the arbitrator (Complaint, ¶ 2).

Prior to his employment at Smith Barney, Johnson worked as a financial advisor for a competitor, Dain Bosworth. Sixty-five of his Smith Barney clients had followed him to Smith Barney from Dain Bosworth (Johnson Affidavit, ¶ 15).

Johnson was employed by Smith Barney as a financial advisor for more than 17 years (Complaint, ¶ 14). At the time of his resignation, Johnson was managing approximately 390 accounts which collectively represented over $125 million in assets (Complaint, ¶¶ 15-16). Johnson generated over $619,000 in production revenue for Smith Barney in the 12 months preceding his resignation, earning approximately $300,000 for himself (Complaint, ¶ 16). Johnson has never signed a non-compete or non-solicitation agreement while employed by Smith Barney.

As a condition of his employment, Johnson agreed to abide by Smith Barney's Code of Conduct which contained strict confidentiality provisions requiring employees to safeguard any confidential information customers share with Smith Barney (Complaint ¶¶ 18-20). At oral argument, counsel for both parties agreed that the names, phone numbers and addresses of Johnson's clients are not considered confidential information as to Johnson.

Johnson initially retained a laptop computer and a computer tower, but returned both to Smith Barney within hours of his receipt of the October 17th demand letter (Johnson Affidavit, ¶ 23). Johnson did not use the laptop following his resignation or for many months prior to his resignation (Johnson Affidavit, ¶ 23).

Smith Barney asserts that a company file with information pertaining to Johnson's largest customer was taken by Johnson (Complaint, § 30). This file was delivered to the client's CPA on October 2, 2006. (Johnson Affidavit, ¶ 26). There is no evidence that Johnson removed or retained any confidential information regarding this client from that file.

Johnson acknowledges that he possesses and/or has used client's names, addresses, phone numbers and e-mail addresses since his resignation but asserts that this information is not confidential information (Johnson Affidavit, ¶ 29). After his resignation, Johnson contacted 179 clients prior to receiving a demand letter from Smith Barney dated October 17, 2006 (Johnson Affidavit, ¶ 15). Johnson states he "has not and does not intend to contact via mail or telephone any 'assigned' accounts that [he] received from other departing Citigroup brokers." (Johnson Affidavit, ¶ 17).

Smith Barney seeks a temporary restraining order enjoining Johnson, and anyone else working in concert with Johnson, from:

> 1) destroying any records or information that Johnson removed from Smith Barney. Smith Barney also seeks an order requiring Johnson to immediately return to Smith Barney's counsel all original records and documents as well as copies of these records including any electronic or computerized versions;
>
> 2) using, disclosing or transmitting the information contained in the Smith Barney records including, but not limited to, the names, addresses and financial information of clients for any purpose but specifically for solicitation of the clients;
>
> 3) initiating any further contact or communication with clients whose names or information are contained in files Johnson removed from Smith Barney prior to his October 13, 2006, resignation (Complaint, ¶ 3).

## II.  DISCUSSION

A temporary restraining order is treated as a preliminary injunction because Johnson was afforded notice and an adversary hearing was held. *Saint v. Nebraska School Activities Assoc.*, 684 F. Supp. 626, 627 (D. Neb. 1988)(*citing* C. Wright and A. Miller, Federal Practice & Procedure: Civil § 2951 (1973).

"The absence of a finding of irreparable injury is alone sufficient ground for [denying a] preliminary injunction."

-4-

*Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109, 114 n.9 (8th Cir. 1981)(en banc)). "Once a court determines that the movant has failed to show irreparable harm absent an injunction, the inquiry is finished and the denial of the injunctive request is warranted." *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 420 (8th Cir. 1987)(citations omitted). Thus, without an initial determination that threatened irreparable harm exists the *Dataphase* equitable balancing test is unnecessary. *Gelco Corp.*, 811 F.2d at 420.

      Plaintiff's evidence fails to show that Smith Barney has sustained irreparable harm. Initially, the evidence is insufficient to establish that the defendant has retained or has used any confidential or proprietary information of the plaintiff. In addition, Smith Barney, which has the burden of proving that monetary damages cannot remedy any injury it may have suffered, has not produced sufficient evidence to permit the Court to find that monetary damages cannot remedy any injury which it claims. For these reasons, Smith Barney's request for a temporary restraining order will be denied. Accordingly,

IT IS ORDERED that defendant's motion for temporary restraining order is denied.

DATED this 26th day of October, 2006.

> BY THE COURT:
>
> /s/ Lyle E. Strom
> _____
> LYLE E. STROM, Senior Judge
> United States District Court